Filed: 8/23/2017 8:04 AM
Juli Luke
Denton County, County Clerk
By: Alexa Hagenbucher, Deputy

CAUSE NO. CV-2017-02365

| | | |
|---|---|---|
| JASON LEE VAN DYKE | § | IN THE COUNTY COURT |
|     Plaintiff, | § | |
| | § | |
| v. | § | AT LAW NO. 2 |
| | § | |
| MOCKINGBIRD PUBLISHING CO. and | § | |
| GERARD BELLO II | § | |
|     Defendants. | § | DENTON COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

### I.    DISCOVERY CONTROL PLAN

1.1   Discovery in this case is intended to be conducted under level 2 of rule 190 of the Texas Rules of Civil Procedure. Plaintiff seeks damages in the amount of $100,000.00 or less including damages of any kind, costs, expenses, pre-judgment interest, and attorney fees.

### II.    PARTIES

2.1   Plaintiff is Jason Lee Van Dyke whose address is 108 Durango Drive, Crossroads, TX 76227.

2.2   Defendant, Mockingbird Publishing Co. ("Mockingbird"), an Ohio Corporation may be served with process by and through its registered agent, Robert Ebright, at 2346 Howey Road, Columbus, OH 43211.

2.3   Defendant, Gerard Bello II ("Bello"), an individual, may be served with process at 675 Riverview Drive, Apt. B4, Columbus, OH 43202.

2.4   Subject matter jurisdiction is appropriate because Plaintiff seeks recovery of monetary damages within the jurisdictional limits of this Court.

2.5   Personal jurisdiction is appropriate as to the Defendants pursuant to the Texas Long Arm Statute because Defendants have committed a tort, in whole or in part, in this state. Tex.

Civ. Prac. & Rem. Code § 17.042. Specifically, Bello claims to be a journalist and is one of the principals of Mockingbird – an Internet website that can be accessed throughout the United States. This lawsuit stems from a situation in which Bello published false and defamatory statements about members of the Houston chapter of a men's fraternal organization known as "The Proud Boys". See *infra* ¶ 3.3. Plaintiff is an attorney that wrote a demand letter to Defendants on behalf of the members of this chapter and others. Rather than cease and desist in their publication of false and defamatory statements, Defendants published an article attacking Plaintiff specifically. It is for the libel per se contained in that article that Plaintiff now sues.

2.6 Venue is appropriate in this court pursuant to Tex. Civ. Prac. & Rem. Code § 15.017.

### III.   FACTS

3.1 Plaintiff is an attorney licensed to practice law in this state as well as Colorado, Georgia, and the District of Columbia. Plaintiff's practice includes the representation of fraternal organizations of which Plaintiff is a member. Plaintiff has, for example, represented the Delta Phi Chapter of Theta Chi Fraternity Alumni/Housing Corporation in the past. Plaintiff is also a member of a pro-western men's fraternal organization known as "The Proud Boys" and has assisted individual members of this fraternity in a variety of legal matters.

3.2 This lawsuit stems from a demand letter that was sent by Plaintiff to Defendants on or around September 5, 2017. A true and correct copy of the demand letter is attached hereto as Exhibit "A" and incorporated by reference herein.

3.3 On information and belief, Defendants are associated with a domestic terrorist collective known as "Antifa" that prides itself on harassing, defaming, and committing acts of

violence against persons and groups that espouse conservative groups. In this instance, Defendants wrongfully accused members of the Houston, Texas and Columbus, Ohio chapters of "The Proud Boys" of the following: (a) being "neo-Nazis"; (b) engaging in a hate crime by placing hand-drawn swastikas into mailboxes; (c) engaging in "ethnic cleansing" during hurricane relief efforts in the Houston area; and (d) roaming the nation in an effort to commit acts of mass murder against minorities. It should be noted in this case that Plaintiff was present with the Houston Proud Boys during Hurricane Harvey relief efforts and assisted them in rescuing residents in need of evacuation and in the distribution of relief supplies such as food, bottled water, cleaning supplies, and other items to residents of areas affected by the hurricane.

3.4  Plaintiff sent a demand letter for Defendants to issue a retraction of these statements (which clearly meet the criteria for defamation *per se*) and Defendants responded by publishing the letter attached hereto as Exhibit "B" on their website.

( **Count One:  Libel** *Per Se* )

3.5  Defendant published the following defamatory statements of fact concerning Plaintiff:

(a)  Plaintiff is a white nationalist, a nazi, and/or a neo-nazi;

(b)  Plaintiff was convicted of weapons charges and domestic violence;

(c)  Plaintiff is prohibited under federal law from possessing firearms and is currently in violation of federal law for possessing firearms; and

(d)  Plaintiff has committed professional misconduct through the unauthorized practice of law or through unlawful "forum shopping".

3.6  The statements published by Defendant are false. Specifically:

(a) Plaintiff is not now, nor has he ever been, a white nationalist, a nazi, a neo-nazi, or a member of any organization affiliated with "national socialism" in any way. These accusations by Defendants clearly "injure a living person's reputation and thus expose the person to public hatred, contempt, or ridicule, or financial injury" and "impeach a person's honesty, integrity, virtue, or reputation." Tex. Civ. Prac. & Rem. Code § 73.001.

(b) Plaintiff has never been convicted of domestic violence. Plaintiff was convicted of a misdemeanor firearm charge while living in the State of Michigan in 2000. That conviction was legally set aside and expunged by a court order on or around September 28, 2006. Plaintiff has not since been convicted of any crime other than Class "C" misdemeanor traffic violations. Defendants' statements to the contrary falsely charge Plaintiff with the commission of a crime and constitute libel per se. *Leyendecker & Assocs. v. Wechter*, 683 S.W.2d 369, 374 (Tex. 1984).

(d) Plaintiff is not prohibited under federal law from possessing firearms, and thus, his possession of firearms is not contrary to federal law. In fact, Plaintiff has a license to carry issued by the State of Texas and is authorized by the Texas Department of Public Safety to teach the Texas license to carry class. Defendants' statements impute the commission of a federal felony to Plaintiff and constitute libel per se. *Id.*

(e) Plaintiff is not engaged in the unauthorized practice of law in Ohio or any other state. He has not engaged in forum shopping or committed any other act with respect to Defendants which constitutes the unauthorized practice of law.

        Plaintiff is licensed to practice law in Texas, Colorado, Georgia, and the District of Columbia.  He is licensed to practice in numerous federal courts including the U.S. District Court for the Northern District of Ohio.  Accordingly, Defendants' statements have caused injury to Plaintiff in his office, profession, or occupation as an attorney and constitute libel *per se*.  *Hancock v. Variyam*, 400 S.W.3d 59, 64 (Tex. 2013).

3.7    It should also be noted that the published letter contains several other false and defamatory statements.  For example, it states that Plaintiff is a member of the Council for Conservative Citizens.  Plaintiff is not now, and has never been, a member of this organization.  Furthermore, it states that Plaintiff has an account on a popular white supremacist website known as "Stormfront".  While this statement is also false and defamatory, Plaintiff has chosen to limit this lawsuit to his claims for libel *per se*.  These two accusations do not meet the statutory definition of libel.  They are, however, relevant to demonstrating that Defendants have acted with negligence at the very least, if not actual malice.

3.8    This is a claim for defamation per se against a media defendant over a matter of private concern.  Accordingly, Plaintiff's damages are presumed.

## IV.  PRAYER

4.1    Plaintiff prays that—

    a.    Defendants be cited to appear and answer;

    b.    Plaintiff be granted judgment for nominal damages, plus general damages in the amount of at least $60,000.00;

    c.    Plaintiff be granted judgment for prejudgment and postjudgment interest at the highest legal or contractual rate allowed by law;

      d.        Plaintiff be granted judgment for all costs of court; and

      e.        Plaintiff be granted all further relief to which Plaintiff may be entitled.

Respectfully submitted,

/s/ Jason Lee Van Dyke
Jason L. Van Dyke
State Bar No. 24057426
108 Durango Drive
Crossroads, TX 76227
P – (469) 964-5346
F – (972) 421-1830
Email:  jason@vandykelawfirm.com

ORIGINAL PETITION

# EXHIBIT "A"

# Jason L. Van Dyke
## Attorney & Counselor at Law
Licensed in Texas, Colorado, Georgia and The District of Columbia

September 5, 2017

Mockingbird Publishing Co.  
and Gerard Bello II  
2346 Howey Road  
Columbus, OH 43211

via CMRRR No. 7016 2710 0000 9323 9190  
and First Class U.S. Mail

### NOTICE OF INTENT TO FILE LAWSUIT

Dear Mr. Bello:

    This firm represents the Dallas/Ft. Worth and Houston chapters of The Proud Boys and this correspondence constitutes notice of their intent to file a lawsuit against you for the false and defamatory article authored by you and published by Mockingbird Publishing Co. a/k/a The Mockingbird titled "Neo-Nazi Group Targets Residents in South Campus Area". My firm will also be associating with lawyers from Ohio to obtain damages on behalf of Ohio chapters of The Proud Boys that were libeled by your article. Specifically, your article contains the following false and defamatory statements:

(1) The article falsely states that The Proud Boys are a "Neo-Nazi Group";

(2) The article falsely states that members of the Houston chapter were flashing "white power" or "nazi" hand signs (the article contains a photograph of members of the Houston chapter carrying guns, but not flashing any hand signs reasonably associated with "white power" or national socialism);

(3) The article falsely states that the Ohio Proud Boys placed hand-drawn swastikas into mailboxes and mail slots in an attempt at unlawful intimidation;

(4) The article falsely states that the Ohio Proud Boys were in Houston, when in fact, the only chapters providing hurricane relief in Houston were from the Houston, Dallas/Ft. Worth, San Antonio, Austin, and Miami chapters;

(5) The article falsely states that the fraternity members who undertook an anti-looting patrol were performing "ethnic cleansing"; and

108 Durango Drive  
Crossroads, TX 76227  
P – (469) 964-5346  
F – (972) 421-1830  
jason@vandykelawfirm.com

Page 8 of 13

(6) The article falsely states that The Proud Boys are roaming the nation trying to shoot people.

While I would normally permit a publication such as yours the opportunity to make a correction and issue a retraction, it's clear from the context of the article and your willful disregard for the facts that making such a demand will be fruitless. Accordingly, demand is for you and Mockingbird Publishing Co. to immediately and permanently remove the offending article. Second, demand is made for you and Mockingbird Publishing Co. to **cease and desist** all future false and defamatory articles concerning any chapter of The Proud Boys. Finally, demand is also made to payment in the amount of $10,000.00 in damages to "The Proud Boys" as full and final settlement of the damages to the reputations of those depicted by your article to the organization as a whole and its individual members. Please direct your payment to this office.

You must either comply with all of the demands contained herein within fourteen (14) days of your receipt of this letter, or in the alternative, provide my office with a reasonably time frame by which you will comply. Should you fail to do so, I have been authorized to initiate a lawsuit against you.

Very truly yours,

Jason L. Van Dyke
Attorney & Counselor at Law

108 Durango Drive
Crossroads, TX 76227
P – (469) 964-5346
F – (972) 421-1830
jason@vandykelawfirm.com

Page 9 of 13

# EXHIBIT "B"



HOME (/)  /  WHITE NATIONALIST LAWYER THREATENS THE MOCKINGBIRD WITH LAWSUIT. READ OUR RESPONSE

# White Nationalist Lawyer Threatens the Mockingbird with Lawsuit. Read Our Response



**Author:**
Gerry Bello (/content/gerry-bello)

[Recommend]   [Tweet]   [+1]   (http://www.heise.de/ct/artikel/2-Klicks-fuer-mehr-Datenschutz-1333879.html)

Nothing confirms journalistic integrity and investigative effectiveness like push back and spin. There is no better push back the threat of a frivolous lawsuit. A frivolous lawsuit has no purpose other than to intimidate, and to drain resources when it is used in an attempt to silence the press. Facing such a prospect head on, regardless of the cost in hourglass sand and treasure, is the proper thing for a new source to do. It is what is expected of if we are to defend the public trust that is placed in us to find and report the truth.

A recent article about neo-nazi activity in the OSU campus area (http://www.mockingbirdpaper.com/content/neo-nazi-group-targets-residents-south-campus-area) has given the Mockingbird, and myself personally, a chance to earn to that public trust. The article, concerning the not proud enough to sign their swaztika fliers "Proud Boys", elicited our first actual cease and desist letter, which is included for reader download at the bottom of this article. Their demands, in short, are (1) Make the article go away (2) Don't write about us again (3) Gimme $10,000. The answer is going to be No. No. And No.

Later today, or tomorrow, September 15th, if I feel like it, the following letter will be sent officially as a response. Our dedicated readers should have a chance to enjoy it long before it arrives in Texas officially. Should Mr. Jason L. Van Dyke wish to evade service of a registered letter, this article constitutes the publishing of an open letter in a newspaper for him to enjoy. It is clear from his actions that Mr. Van Dyke monitors this publication as well as any internet address associated with this author, as will also be outlined in a letter.

For the Enjoyment of the reader and the edification of the Proud Boys, the letter begins now:

Dear Mr. Jason L. Van Dyke esquire,

Through our statutory agent we received your letter dated the 5th of September 2017. We have read your objections to our work, and your demands to cease and desist. After that we had a long hardy belly laugh. The letter has been shown to attorneys with which we have an ongoing relationship and specialize in free speech law. They suggested that I not pay them until you actually bring suit as they are fully confident I can handle you and this action without much help from them. Just so you know, I have a 100% batting average when appearing Pro-Se in federal labor court, State Court in Ohio and State Court in Texas as both plaintiff and defendant, both civil and criminal.

Since you are alleging Libel, please do realize that we are familiar with the relevant case law. That would be *New York Times V. Sullivan* and derivative cases under federal, Texas and Ohio law. Since you claim to be "associating with attorneys in Ohio" I can assume that you are still confused about venue, and can not decide if you are going to bring your so-called action in the Northern District of Texas, the Southern District of Ohio, or the State Courts of either Texas or Ohio. Are you shopping based on case law or based on judges?

Perhaps your threat is to sue Mockingbird Publishing and myself twice, once in State Court in Texas. It is not clear what exactly you intend to do other than silence the free press and collect a hefty payday. Neither of those things will ever happen.

One of the your core allegations is that the so-called Proud Boys are not Neo-Nazis. What you failed to disclose is that you are a "Proud Boy" yourself, of the third degree, or at least that you claim to be so on your Facebook profile. A screenshot of said profile is included below. Are you under contract with the Proud Boys? Are you acting as their in house counsel?

Page 11 of 13



You claim to be representing or finding representation for Proud Boys in Ohio. Proud Boys, as a legal entity, as opposed to an informal association, do not exist in Ohio. Persons claiming membership have committed various acts of low grade intimidation here, but they have not filed any paperwork with the Secretary of State's office. You are threatening a lawsuit in one, possibly two venues for a client that has no corporate existence in "association with" lawyers you do not care to name. Sir, you are a lawyer demanding monetary damages for articles written in another state where you are not admitted to the bar on behalf of a group of anonymous clients that have no way of retaining you. For that, you get nothing but a copy of this letter sent to the Texas bar association.

I can only assume that your basis for any action would be your own personal affiliation with The Dallas Fort Worth Chapter (assuming you joined the closest one to you). This personal affiliation of yours is an element of proof that the Proud Boys are in fact neo-nazis. You sir, are a nazi. This makes your clients, when they are your close political affiliates, nazis as well.

Basic research noted your 2000 arrest and conviction on weapons charges and domestic violence. At that time your were in possession a of the *Turner Diaries*, a neo-nazi semi-fictional terrorist manual. You also had a copy of the *Protocols of the Elders of Zion*, a classic of anti-Semitic forgery. The former book was written by the late William Pierce, the former head of the National Alliance. That man was an unapologetic and self-described Hitlerian. There is a direct line from you through him to George Lincoln Rockwell, who actually wore swastika armbands. You were also a member of the Council of Conservative Citizens, which is a known white supremacist organization, albeit one lacking the more traditional robes and / or jackboots uniforms.

How you came to pass the bar fitness exam with a domestic violence conviction and a weapons conviction is a mystery to me. What is also a mystery is how you can be in possession of firearms, much less claim to be an instructor with said convictions. Is the ATF aware of your apparent violations of federal firearms law? You appear, on social media, to be in possession of firearms while under disability.

I also noted a post regarding the repeal of certain firearms laws, on the neo-nazi website Stormfront, by a profile called WNLaw. I assume the WN stands for White Nationalist as opposed to What Now. This appears to be you. Is this you? Are you rambling on about some ill-conceived petition drive so you can legally have guns on a neo-nazi website while claiming that you and your friends are not neo-nazis? Did I get that right? I'm just doing my due diligence here... since you seem to insist.

Your claims in short are without merit. Since this letter may well be evidence some day I will spare the judge and the jury more colorful language describing the deficit of merit your claims, and you as a human being, seem to lack.

I am going to assume that the letter should be delivered to 108 Durrango Drive as it is on your letterhead as your office. That is a lovely home that doubles as your office. I see that you and your father teamed up to buy that nice little foreclosure and benefit somehow from the sub-prime mortgage crisis in 2011. I guess bottom feeding runs in your family.

I welcome your suit should you be foolish enough to file it. I am prepared, and so are a number of firms who would be pleased to represent me against you. Both my friendship, and your buffoonery, have motivated their requests for participation. I personally do not take well to threats. Threatening me is like attempting coitus with a garbage disposal. It is pointless, painful and makes you look more ridiculous on the internet than you already were.

Should you bring your suit it will be noted that I do have a cause of action against you as well, along with your anonymous clients. Your post to my recent gofundme fundraiser was proximate to so-called "shitposting" by people I can only assume are also Proud Boys in good standing. The one who said he would sooner "slam his dick in a car door while leaving the keys in the house" then purchase my latest book was a real winner.

You, and your neo-nazi associates directly interfered with my business under the guise of political opposition. Since your goal was the shutdown of a press organization we will not dignify your conduct with the term "free speech."

The threats and the harassment will cease now. There will be no further contact from you.

Good Day Sir,

Gerry Bello

Publisher and Editor in Chief

Mockingbird Publishing

CC: Texas State Bar Association, Colorado State Bar Association, Georgia State Bar Association

**Associated Documents:**
van dyke letter.pdf (http://www.mockingbirdpaper.com/sites/default/files/van%20dyke%20letter.pdf)

**Tags:**

- white supremacists (/tags/white-supremacists)

Page 12 of 13

- Proud Boys (/tags/proud-boys)
- Censorship (/tags/censorship)
- Fail (/tags/fail)

© 2017 Mockingbird Paper All rights reserved.